IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CLIFFORD C. LOYER,                                   No. 2:18-cv-0210-CMK-P

        Plaintiff,

  vs.                                            ORDER

MARLON SPEARMAN, JR.,

        Defendant.

_____/

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion to amend (Doc. 9), a first amended complaint (Doc. 10), and a second amended complaint (Doc. 11).

        Pursuant to Federal Rule of Civil Procedure 15(a)(1), a party may amend his pleading once as a matter of right at any time before being served with a responsive pleading. However, there needs to be reasonable relationship between the original and amended pleadings. See Jackson v. Bank of Hawai'i, 902 F.2d 1385, 1387 (9th Cir. 1990). A review of the amended complaints filed in this action shows no reasonable relationship between plaintiff's original complaint and any possible amended complaint. In his original complaint, plaintiff appears to be challenging the amount and quality of the food being served at High Desert State Prison (HDSP).

1

In both the first and second amended complaints, it appears he is challenging his conviction and possibly his treatment by law enforcement. The court notes however, that plaintiff has also filed a petition for writ of habeas corpus in which he is challenging his conviction (CAED case number 2:18-cv-0499; transferred to the Central District of California on April 23, 2018, CACD case number 8:18-cv-00666). It is therefore unclear what plaintiff is attempting to challenge in this case, and his motion does not explain his intent.

As such, the motion will be denied, and plaintiff's amended complaints will be dismissed. However, plaintiff will be provided an opportunity to file a third amended complaint if that is his intention. In order to assist plaintiff in such a task, he is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id. If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

As plaintiff's complaint appears to be raising an issue with the food he is being served, he is further informed that adequate food and sanitation are basic human needs protected by the Eighth Amendment. Keenan v. Hall, 83 F.3d 1083, 1091 (9th Cir. 1996), amended by 135 F.3d 1318 (9th Cir. 1998) (citing Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982)). However, "only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." Wilson v. Seiter, 501 U.S. 294, 298 (1991) (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). "The Eighth Amendment requires only that prisoners receive food that is adequate to maintain health; it need not be tasty or aesthetically pleasing." LeMaire v. Maass, 12 F.3d 1444, 1456 (9th Cir. 1993).

| | |
|---|---|
| 1 | Inmates are guaranteed sanitation and personal hygiene supplies. See Keenan, 83 F.3d at 1091 |
| 2 | (citing Hoptowit, 682 F,2d at 1246). Exercise is also a necessity; outdoor exercise can be |
| 3 | required when inmates are otherwise confined in small cells for almost 24 hours a day. See |
| 4 | Spain v. Procunier, 600 F.2d 189, 199 (9th Cir. 1979). However, temporary unconstitutional |
| 5 | conditions of confinement do not always rise to the level of constitutional violations. See |
| 6 | Anderson v. County of Kern, 45 F.3d 1310 (9th Cir. 1995). |
| 7 | Here, plaintiff's claim appears to be relating to the amount and quality of the food |
| 8 | he is being served. It does not appear that the allegations in the complaint will be sufficient to |
| 9 | state a claim upon screening. If plaintiff decides to file an amended complaint, he should bear in |
| 10 | mind the requirements set forth above. If plaintiff does not file an amended complaint within the |
| 11 | time provided, this case will proceed on plaintiff's original complaint and the court will issue any |
| 12 | necessary screening orders. |
| 13 | Accordingly, IT IS HEREBY ORDERED that: |
| 14 | 1. Plaintiff's motion to amend (Doc. 9) is denied; |
| 15 | 2. Plaintiff's first and second amended complaints are dismissed; |
| 16 | 3. Plaintiff may file a third amended complaint within 30 days of the date of |
| 17 | this order; and |
| 18 | 4. If a third amended complaint is not filed, this action will proceed on |
| 19 | plaintiff's original complaint and the court will issue further screening orders as necessary. |

DATED: July 24, 2018

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE